IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHIREE L. BOYCE,

               Plaintiff,

     v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

               Defendant.

Case No. 6:14-CV-00815-SI

**OPINION AND ORDER**

Kathryn Tassinari and Brent Wells, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette, Suite 200, Eugene, OR 97401. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; Daphne Banay, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

       Shiree L. Boyce seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying her applications for Supplemental

Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of

the Social Security Act.  For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

Ms. Boyce was born in 1981 and was 28 years old at the time of her first administrative hearing in 2010.  Tr. 31.  She speaks English, has a high school education, and has some training in massage therapy.  *Id.*  She has past work experience as a fast-food worker, a hostess, a pawnbroker, a sales clerk, a call-center service worker, a grocery checker, a salvage laborer, and a home attendant.  Tr. 60-62, 251.  Ms. Boyce alleges that she is disabled due to attention-deficit hyperactivity disorder, depression, anxiety, post-traumatic stress disorder, injuries in her feet and in her left knee, and back problems.  Tr. 146.

On August 22, 2008, Ms. Boyce protectively filed applications for SSI and DIB alleging that she became disabled on June 1, 2004.  Tr. 121-28.  Her claims were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ").  Tr. 75-92, 93-94.  A hearing was held on April 28, 2010 before ALJ Marilyn Mauer.  Tr. 27-70.  At the hearing, Ms. Boyce amended her alleged onset date to July 1, 2008.  Tr. 30.  The ALJ issued a decision finding Ms. Boyce not disabled through June 8, 2010.  Tr. 12-26.  On July 8, 2011, the Appeals Council ("AC") denied Ms. Boyce's subsequent request for review, making the ALJ's decision final and entitling Ms. Boyce to review in this Court. 42 U.S.C. § 405(g).  Tr. 1-3.

Upon review, this Court reversed the Agency's decision and remanded the case for further proceedings.  Tr. 529-49.  A remand hearing was held on October 16, 2013, and Ms. Boyce amended her applications to seek a closed period of disability beginning July 1, 2008 and ending May 31, 2011.  Tr. 445-55.  On January 16, 2014, ALJ Mauer denied Ms. Boyce's

amended claims.  Tr. 421-38.  The AC denied review, making the ALJ's decision final and once

again entitling Ms. Boyce to review in this Court.

## THE ALJ'S DECISION

A claimant is disabled within the meaning of the Social Security Act if he or she is

unable to "engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A). To determine whether an individual meets this standard, social security

regulations dictate a five-step inquiry in which each step is potentially dispositive. 20 C.F.R.

§ 404.1520; *see Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *Keyser v. Comm'r Soc. Sec.

Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).

At step one, the Commissioner determines whether a claimant is engaged in "substantial

gainful activity"; if so, the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). The

ALJ found that Ms. Boyce had not engaged in substantial gainful activity between July 1, 2008

and May 31, 2011, the requested closed period of disability.  Tr. 423.

At step two, the Commissioner determines whether the claimant has a "medically severe

impairment or combination of impairments." 20 C.F.R. §§ 404.1520(c), 416.920(c). At this step,

the ALJ determined that Ms. Boyce had the following severe impairments:  degenerative joint

disease of the left knee; mild degenerative disc disease of the lumbar spine at L5-S1; obesity;

affective disorder; posttraumatic stress disorder; attention deficit hyperactivity disorder; math

disorder; and disorder of written expression. Tr. 423.

At step three, the Commissioner determines whether the claimant's severe impairments

"meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (the "Listings"). 20 C.F.R. §§ 404.1520(d), 416.920(d). Here, the ALJ found that

Ms. Boyce did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  Tr. 424.

At step four, the Commissioner determines the claimant's "residual functional capacity" ("RFC") and whether it is sufficient to allow the claimant to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). The ALJ determined that Ms. Boyce had the RFC to perform sedentary work with the following limitations: she could lift and carry 20 pounds occasionally and 10 pounds frequently; she could stand and walk no more than two hours in an eight-hour workday; she could sit for six hours in an eight-hour workday; she should never climb ladders, ropes or scaffolds; she could occasionally climb stairs and ramps; she could occasionally bend, crouch, and stoop; she should never crawl or kneel; she should have no exposure to hazards; she could have occasional contact with the public; and she could understand, remember, and carry out only one-to-three step tasks equivalent to SVP 2 entry-level employment.  Tr. 426.  Given this RFC, the ALJ found that Ms. Boyce could not perform any of her past relevant work.  Tr. 436.

At step five, the burden shifts to the Commissioner to establish that the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(g), 416.920(g).  If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966. At this step, the ALJ found that Ms. Boyce could perform other work existing in significant numbers in the national economy, including document preparer, eyeglass assembler, and jewelry preparer.  Tr. 436-37.  The ALJ therefore concluded that Ms. Boyce was not disabled within the meaning of the Act from July 1, 2008 through May 31, 2011, the requested closed period.  Tr. 437.

**STANDARD OF REVIEW**

The Court must affirm the Commissioner's decision if it is free of legal error and its findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In reviewing the Commissioner's decision, the Court "must consider the entire record as a whole." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation marks omitted). The Court may not affirm the Commissioner "simply by isolating a specific quantum of supporting evidence"; nor may the Court affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.* (quotation marks omitted); *see also Bray*, 554 F.3d at 1226. But as long as "the agency's path may reasonably be discerned," the Court must affirm the agency's decision, even though the agency may have explained it with "less than ideal clarity." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quotation marks omitted).

**DISCUSSION**

Ms. Boyce alleges that the Commissioner erred by (1) improperly evaluating the opinion of treating physician Raymond Westermeyer, M.D.; (2) improperly rejecting her subjective symptom testimony; and (3) concluding at step five that she could perform jobs that exist in significant numbers in the national economy.  For the reasons discussed below, the ALJ's decision was supported by substantial evidence and should be affirmed.

**A.  Testimony of Dr. Westermeyer**

Ms. Boyce first argues that the ALJ erroneously rejected the opinion of Dr. Westermeyer, a treating physician.  There are three types of medical opinions in social security cases: those from treating, examining, and non-examining doctors.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons for doing so.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester*, 81 F.3d at 830-31).  However, if a treating or examining doctor's opinion is contradicted by another doctor's opinion, it need only be rejected by specific and legitimate reasons.  *Id.*  In either instance, the ALJ is not required to accept an opinion that is brief, conclusory, or not supported by clinical findings.  *Id.*  (citation omitted).

Dr. Westermeyer conducted a clinical examination on June 23, 2008.  Tr. 378.  He observed moderate effusion of the knee, mild anterior instability, and tenderness over the medial collateral ligament.  Tr. 379.  Dr. Westermeyer ordered an MRI of Ms. Boyce's left knee, which revealed an anterior cruciate ligament tear, a complex radial tear involving the posterior horn of the medial meniscus, a small tear in the lateral meniscus, and moderate joint effusion in suprapatellar joint space, and a small popliteal cyst.  Tr. 388, 643.  In a letter dated July 29, 2009, Dr. Westermeyer opined that Ms. Boyce was "totally unable to work, and will not be able to work until she gets an orthopedic referral and surgery" to repair her torn ACL and meniscus in her left knee.  Tr. 364.

The ALJ rejected Dr. Westermeyer's opinion that Ms. Boyce was totally unable to work until surgery.  Tr. 432.  First, the ALJ noted that Dr. Westermeyer's opinion conflicted with the opinion of examining physician Mitchell Sally, M.D.  Tr. 364, 371, 432.  On October 25, 2008, Dr. Sally examined Ms. Boyce and reviewed her medical records.  Tr. 332.  He found that Ms. Boyce's left knee did not show any significant functional limitations.  Tr. 332-36.  Because Dr.

Sally's opinion contradicts Dr. Westermeyer's opinion, the ALJ was required to provide specific, legitimate reasons for rejecting it. *Bayliss*, 427 F.3d at 1216.

The ALJ provided a legally sufficient reason for rejecting Dr. Westermeyer's opinion: that Dr. Westermeyer's opinion was belied by Ms. Boyce's activities of daily living. Tr. 432. The ALJ may reject a physician's opinion if it conflicts with the claimant's activities of daily living. *Morgan*, 169 F.3d at 601-02. Here, the ALJ noted that Ms. Boyce reported the ability to perform household chores and errands, care for an elderly woman two days per week, care for her multiple pets, train a new puppy, and move out of her apartment without apparent knee pain. Tr. 165-66, 168, 174, 394, 415. These activities conflict with the level of impairment suggested by Dr. Westermeyer in his opinion letter. Although Ms. Boyce provides a reasonable alternative interpretation of the evidence of her daily activities, where the evidence is susceptible of more than one rational interpretation, the Court must affirm the Commissioner's rational interpretation. *Burch*, 400 F.3d at 679. Accordingly, the Court finds that the ALJ provided a specific and legitimate reason for rejecting Dr. Westermeyer's opinion and affirms the ALJ's evaluation of the medical evidence.

**B. Plaintiff's Credibility**

Ms. Boyce next argues that the ALJ improperly rejected her subjective symptom testimony. In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. 20 C.F.R. §§ 404.1529, 416.927. First, the ALJ determines whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). If such evidence exists, and barring affirmative evidence of malingering, the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Id.* at 1284; *see also Lingenfelter*

PAGE 7 – OPINION AND ORDER

*v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  If the record contains affirmative evidence of malingering, the ALJ need only provide specific and legitimate reasons for an adverse credibility finding.  *Morgan*, 169 F.3d at 599.

The ALJ may consider many factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  Where the ALJ's credibility findings are supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).  However, a general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible."  *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Morgan*, 169 F.3d at 599.

At the 2010 hearing, Ms. Boyce testified that she was completely disabled and could not perform even her past work at a call center because she has difficulty sitting in one place for extended periods.  Tr. 37-38.  She stated that suffered from low-back pain since November of 2009, and used exercise, stretching, marijuana, muscle relaxers, and Ibuprofen to manage her pain.  Tr. 32, 38-40, 51-52.  She testified that she has trouble walking because of her left knee condition, and that her right knee condition was worsening.  Tr. 42-44.  She stated that she can sit for about an hour before her knees begin to swell, and that she must elevate her feet for about 20-30 minutes two or three times per week to prevent swelling.  Tr. 49.  To relieve swelling, she stated that she must lie down, sometimes multiple times during the day.  Tr. 51.

At the remand hearing in 2013, Ms. Boyce testified that her knee condition had not improved until after her knee surgery in early 2011.  Tr. 453.  She stated that it took her around two months to fully recover from surgery, and therefore alleged disability for the closed period ending in May 2011.  Tr. 448, 454.  After her recovery period, she was able to work as a babysitter and in 2012 found work as a lottery attendant at a restaurant for a little over 30 hours per week.  Tr. 450, 454.

The ALJ rejected Ms. Boyce's testimony, finding "inconsistencies in the record that raise credibility issues."  Tr.  432.  First, the ALJ stated that Ms. Boyce's activities of daily living during the disability period conflicted with the nature and extent of the limitations alleged in her subjective symptom testimony.  *Id.*  A claimant's daily activities are an appropriate credibility consideration.  *Tommasetti*, 533 F.3d at 1039.  Here, the ALJ found that Ms. Boyce was able to perform household chores, run errands, take care of an elderly woman for two days a week, train a new puppy, care for a guinea pig, fish, plants, and multiple dogs, and move out of her apartment.  Tr. 165-66, 168, 174, 394, 415, 432.  These activities arguably contradict Ms. Boyce's statements regarding the nature and extent of her limitations.  While Ms. Boyce contends that these activities, as actually performed, do not conflict with her subjective symptom testimony, the ALJ's interpretation of the evidence was rational and should be affirmed.  *See Batson*, 359 F.3d at 1196.  In sum, Ms. Boyce's activities of daily living during the disability period were inconsistent with her testimony of total disability, and that inconsistency was a clear and convincing reason for the ALJ to reject her testimony.

Second, the ALJ found that Ms. Boyce's statements were contradicted by objective medical evidence in the record.  *Cf. Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (inconsistencies between the severity of claimant's alleged symptoms and the medical evidence

is a proper basis for an adverse credibility determination).  Here, examining physician Dr. Sally found in October of 2008 that Ms. Boyce did not have any significant functional limitations.  Tr. 332-36, 432-33.  This evidence clearly conflicts with Ms. Boyce's allegations of disabling pain and limitations, and therefore constitutes a clear and convincing reason for rejecting her testimony.  *Light*, 119 F.3d at 792.

Ms. Boyce argues that because Dr. Sally did not review the MRI evidence of Ms. Boyce's ACL and meniscus tears, and because the ALJ ultimately declined to fully adopt Dr. Sally's findings, the ALJ's second reason for rejecting Ms. Boyce's credibility was not supported by substantial evidence.  The ALJ, however, may rely on part of an expert's opinion and need not accept all of it.  *Magallanes v. Bowen*, 881 F.2d 747, 753-54 (9th Cir. 1989).  The inconsistency between Ms. Boyce's testimony and the objective medical evidence is therefore a second clear and convincing reason to find Ms. Boyce not credible.

Third, the ALJ found that Ms. Boyce's statements conflicted with other medical evidence in the record, including the medical records of Kenneth Sandsome, M.D., and Dr. Sally.  Tr. 433-34.  The ALJ may discount a claimant's statements that conflict with the medical evidence in the record.  *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001).  Here, Dr. Sandsome's chart notes, dated November 2, 2009, reflect that Ms. Boyce was able to lift and bend while moving out of her apartment without any apparent exacerbation of her knee problems.  Tr. 394, 432.  Further, Dr. Sally's consultative physical examination revealed that Ms. Boyce's left knee did not show any significant functional limitations in October 2008.  Tr. 332-36.  On this record, the medical evidence provides an additional clear and convincing for the ALJ's credibility determination.  In sum, the ALJ provided legally sufficient reasons for rejecting Ms. Boyce's subjective symptom testimony.

## C.  Step Five Findings

Ms. Boyce argues, finally, that the ALJ failed to include Ms. Boyce's mild to moderate limitations in concentration, persistence and pace into the VE hypothetical.  The record contains evidence that Ms. Boyce has mild to moderate limitations in concentration, persistence and pace. For example, the State agency psychologists determined that Ms. Boyce was able to perform simple tasks, maintain a schedule, and complete a normal workday and workweek.  Tr. 324, 328. The ALJ credited these opinions and found that Ms. Boyce has moderate limitations in her ability to understand, remember, and carry out detailed instructions, and formulated her RFC to include a limitation to one- to three-step tasks, or SVP 2 unskilled work.  Tr. 426.  The Ninth Circuit has stated that a limitation to simple, routine work can adequately accommodate a claimant's moderate difficulties with concentration, persistence and pace.  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-75 (9th Cir. 2008).  On this record, the Court finds that the ALJ properly accounted for Ms. Boyce's moderate limitations in concentration, persistence and pace in the RFC and therefore supplied a proper hypothetical to the VE and was entitled to rely upon the VE's testimony in her step-five findings.  Because the ALJ did not err in her evaluation of the medical evidence or her treatment of Ms. Boyce's testimony, her step five findings were supported by substantial evidence and are therefore affirmed.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

**IT IS SO ORDERED**.

DATED this 29th day of June, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge